IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


PERRY STILLWELL,

               Plaintiff,

     v.

LANE COUNTY, et al.

               Defendants.

Civ. No. 6:25-cv-00360-AA

**OPINION & ORDER**


AIKEN, District Judge.

This case comes before the Court on a Motion to Dismiss filed by Defendants Wellpath LLC, Correct Care Solutions LLC, Mary Gabriele MD, Brittani Standing RN, and Elinda Gardner RN ("Wellpath Defendants"), ECF No. 14. For the reasons set forth below, Defendants' Motion is GRANTED in part and DENIED in part.

## BACKGROUND

This motion does not turn on the facts of this claim. Instead, this motion turns on Defendant Wellpath LLC's bankruptcy.

Pertinent to this motion, Defendant Wellpath LLC (the successor in interest to Correct Care Solutions, LLC, *see Dence v. Wellpath, LLC*, No. 1:20-CV-00671-CL, 2024 WL 4355160 (D. Or. Jan. 29, 2024), *report and recommendation adopted*, No. 1:20-CV-00671-CL, 2024 WL 4349089 (D. Or. Sept. 30, 2024)) filed for bankruptcy

Page 1 – OPINION AND ORDER

under chapter 11 of the Bankruptcy Code on November 11, 2024, in the Southern District of Texas. ECF No. 4. At 1-2.

At the time the Wellpath Defendants filed this motion, on August 8, 2025, Plaintiffs had not opted out of the Third-Party Release as part of that proceeding, the deadline for which had passed. Def. Mot. at 5-6.

On September 16, 2025, Judge Alredo Perez, who is presiding over the bankruptcy, issued an order allowing for leave to opt out of the Third-Party Release despite the deadline passing. Pl. Am. Resp. at 2.

Plaintiffs opted out of the Third-Party Release, and the bankruptcy court decreed the following (in which Plaintiffs are referred to as "Movant"):

> Movant is deemed to have affirmatively elected to opt out of the Plan's Third-Party Releases, and Movant may bring or continue to pursue claims against all Non-Debtor Defendants, including employees of the Debtors and/or employees of the Post-Restructuring Debtors.

*Id.*

Plaintiffs argue that they are allowed to proceed against all Defendants. *Id.* at 3. Defendants admit that Plaintiffs may proceed against "Dr. Gabriele and nurses Standing and Gardner" but not against Wellpath LLC. Def. Reply at 3.

## LEGAL STANDARD

A motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's allegations, a court must accept a plaintiff's allegations of fact as true and construe them in the light most favorable to the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). But

Page 2 – OPINION AND ORDER

a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation" of the action's elements. *Id.* (internal quotation marks and citation omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

To survive a motion to dismiss, a pleading must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## DISCUSSION

The question before the Court is whether Wellpath LLC, and its predecessor, Correct Care Solutions LLC, are immune from this action because of the bankruptcy. This question turns on the actions of the bankruptcy court and the Third-Party release order quoted above.

In the bankruptcy proceedings, Wellpath LLC is referred to as "a Debtor," and, along with its affiliated entities, "the Debtors." ECF No. 14-1 at 2. In the decree cited

Page 3 – OPINION AND ORDER

by Plaintiffs, the bankruptcy court said that Plaintiffs "may bring or continue to pursue claims against all *Non-Debtor Defendants*, including employees of the Debtors and/or employees of the Post-Restructuring Debtors." (emphasis added).

The language here is plain and unambiguous: Plaintiffs may pursue claims against "non-debtor defendants." Wellpath LLC is a debtor. Correct Care Solutions is the former name of Wellpath LCC and was listed as such on the petition for bankruptcy. See ECF No. 4, Ex. A at 1. Correct Care Solutions is for all intents and purposes also a debtor. Because both entities are "debtors," and Plaintiffs may only proceed against "non-debtor defendants," neither entity is a proper party to this action, and the Complaint must be dismissed as to both entities

The employees of Wellpath, Dr. Mary Gabriele, Brittani Standing, and Elinda Gardner RN, are "employees of the Debtors," against whom the Plaintiffs "may bring or continue to pursue claims," so this action may still proceed against them.

## CONCLUSION

For the reasons explained above, Defendants' Motion, ECF No. 14, is GRANTED in part and DENIED in part.

It is so ORDERED and DATED this ___13th___ day of March 2026.


 /s/Ann Aiken
ANN AIKEN
United States District Judge


Page 4 – OPINION AND ORDER